**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ALEXIS ADONIS FERNANDEZ MEDRANO,**
Plaintiff,

v.

**MARKWAYNE MULLIN,**
**Secretary,**
U.S. Department of Homeland Security,
*in his official capacity;*

**JOSEPH EDLOW,**
**Director,**
U.S. Citizenship and Immigration Services,
*in his official capacity;*

**TODD BLANCHE,**
**Attorney General of the United States,**
*in his official capacity;*

**DIRECTOR/OFFICER-IN-CHARGE,**
USCIS Nebraska Service Center,
*in his/her official capacity,*

Defendants.

Case: 1:26-cv-02955
Assigned To : Friedrich, Dabney L.
Assign. Date : 8/24/2026
Description: Pro Se Gen. Civ. (F-DECK)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND WRIT OF MANDAMUS**

**INTRODUCTION AND PRELIMINARY STATEMENT**

1. Plaintiff Alexis Adonis Fernandez Medrano ("Plaintiff"), proceeding *pro se*, brings this action against Defendants pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Mandamus Act, 28 U.S.C. § 1361, to compel U.S. Citizenship and

RECEIVED
AUG 24 2026
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Immigration Services ("USCIS") to adjudicate Plaintiff's pending application for renewal of Deferred Action for Childhood Arrivals ("DACA") and associated Employment Authorization Document ("EAD").

2. Plaintiff filed Form I-821D (Consideration of Deferred Action for Childhood Arrivals) and Form I-765 (Application for Employment Authorization) with the USCIS Nebraska Service Center on April 6, 2026. As of the date of this filing, 134 days have elapsed since submission, and USCIS has failed to render a decision on either application despite Plaintiff's completion of all required steps, including biometrics. Plaintiff's current DACA period and Employment Authorization Document expire on August 20, 2026—just two days from the date of filing this Complaint.

3. Plaintiff has exhausted all available administrative remedies, including congressional inquiries, expedite requests, case inquiries, ombudsman requests, and a pre-suit demand letter. USCIS has expressly refused to expedite processing, refused to provide any timeline for adjudication, and stated that processing times have "extended beyond 6 months."

4. Plaintiff's employment authorization is his sole legal basis for working in the United States. Any lapse will result in the immediate termination of his employment, loss of income, loss of health insurance, inability to pay rent, and the imminent threat of homelessness. Plaintiff's DACA and EAD expire on August 20, 2026, making the threatened harms not speculative but days away from materializing. Judicial intervention is urgently needed to prevent these irreparable harms.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Constitution and laws of the United States, including the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1).

6. This Court also has jurisdiction under 28 U.S.C. § 1361, which grants district courts original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

7. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and the Defendants are officers or employees of the United States acting in their official capacities.

## **PARTIES**

9. Plaintiff Alexis Adonis Fernandez Medrano is an individual residing at 100 I Street SE, Apartment 1204, Washington, DC 20003. Plaintiff is a native of El Salvador, born on May 10, 1997, with Alien Registration Number A204-196-935. Plaintiff has been a DACA recipient since the program's inception in 2012 and is currently employed as a Legal Administrative Assistant at Ropes & Gray LLP in Washington, D.C. Plaintiff brings this action *pro se*.

10. Defendant Markwayne Mullin is the Secretary of the United States Department of Homeland Security ("DHS"). He is sued in his official capacity. DHS is the cabinet-level department with oversight authority over USCIS and ultimate responsibility for the administration of immigration benefits, including DACA.

11. Defendant Joseph Edlow is the Director of U.S. Citizenship and Immigration Services. He is sued in his official capacity. The USCIS Director has supervisory authority over all USCIS operations and the adjudication of immigration applications, including DACA renewal applications.

12. Defendant Director/Officer-in-Charge of the USCIS Nebraska Service Center is the official responsible for the day-to-day operations of the service center where Plaintiff's applications are pending. He/she is sued in his/her official capacity.

13. Defendant Todd Blanche is the Attorney General of the United States. He is sued in his official capacity.

## **FACTUAL ALLEGATIONS**

### **A. Plaintiff's Background and DACA History**

14. Plaintiff was born on May 10, 1997, in El Salvador. Plaintiff arrived in the United States on or about March 1, 2001, at approximately three years of age, and has continuously resided in the United States since at least June 15, 2007. Plaintiff has been granted deferred action under the DACA program since 2012, when the program was first established by the Department of Homeland Security.

15. Plaintiff is employed as a Legal Administrative Assistant at Ropes & Gray LLP, a prestigious international law firm, at its Washington, D.C. office. In this role, Plaintiff supports more than 100 attorneys and managers. Plaintiff is the most senior Legal Administrative

Assistant on his team and has been designated as both a Fire Warden and Floor Ambassador, reflecting the trust and responsibility his employer places in him.

16. Plaintiff's employment authorization, derived solely from his DACA status, is his only legal basis for employment in the United States. Without a valid Employment Authorization Document, Plaintiff cannot lawfully work and his employer is required by law to terminate his employment.

**B. Filing of Renewal Applications**

17. On April 6, 2026, Plaintiff timely filed Form I-821D (Consideration of Deferred Action for Childhood Arrivals) with the USCIS Nebraska Service Center. USCIS assigned Receipt Number IOE9076109506 to this application.

18. Concurrently, on April 6, 2026, Plaintiff filed Form I-765 (Application for Employment Authorization) with the USCIS Nebraska Service Center. USCIS assigned Receipt Number IOE9076109507 to this application.

19. Plaintiff's current DACA period and Employment Authorization Document expire on August 20, 2026. He filed his renewal applications on April 6, 2026, more than four months before expiration.

20. Plaintiff appeared at the USCIS Application Support Center at 2800 Eisenhower Avenue, Suite 400, Alexandria, Virginia 22314, on April 30, 2026, and completed biometrics processing as required. Since that date, Plaintiff has fulfilled all requirements for adjudication of his applications.

21. USCIS has not issued any Request for Evidence ("RFE") or Notice of Intent to Deny ("NOID") regarding either application. The applications are complete and ready for adjudication.

**C. Plaintiff's Efforts to Resolve the Delay**

22. On June 2, 2026, Plaintiff obtained an employer support letter from Kaycee Egbuta, Manager of Human Resources at Ropes & Gray LLP, documenting the critical nature of Plaintiff's employment and the severe consequences of any interruption in his work authorization.

23. On June 12, 2026, Plaintiff submitted a congressional inquiry through the office of Delegate Eleanor Holmes Norton, the representative for the District of Columbia (Intranet Quorum Reference IMA001079842).

24. On July 1, 2026, Plaintiff submitted an expedite request to USCIS based on severe financial loss and compelling circumstances, including the imminent threat of job loss and homelessness.

25. On July 8, 2026, USCIS confirmed that Plaintiff's expedite request met the minimum criteria for consideration and was forwarded to the Nebraska Service Center for review (Service Item 44341482, Referral ID WKD1892600168NSC).

26. On July 23, 2026, Plaintiff submitted an outside-processing-time case inquiry to USCIS (Inquiry ID T1B2042605617RPA), as the applications had exceeded USCIS's own published processing times.

27. On July 28, 2026, Plaintiff sent a formal pre-suit demand letter to USCIS demanding adjudication of his applications within fifteen (15) days, placing the agency on notice of Plaintiff's intent to pursue legal action.

28. On July 28, 2026, Plaintiff submitted myUSCIS service requests for both the Form I-821D (Service Item 44682544) and Form I-765 (Service Item 44682588).

29. On August 4, 2026, Plaintiff submitted a case assistance request to the CIS Ombudsman (Request Number 20260219033).

30. On August 4, 2026, Plaintiff contacted the USCIS toll-free telephone number and attempted multiple Live Agent chat sessions through the myUSCIS platform to obtain information about the status of his applications.

31. On August 11, 2026, USCIS responded to Plaintiff's inquiries by stating only that his case is "in line to be reviewed by an officer" and providing no timeline for adjudication.

32. On August 12, 2026, Plaintiff submitted a second case inquiry (Inquiry ID T1B2042605617RPA).

33. On August 17, 2026, Plaintiff received the final congressional response from USCIS regarding his expedite request. USCIS denied expedited processing, stating in relevant part:

> *"The consideration of expedited processing requests in cases of this type is significantly limited. Concerns regarding a lapse of deferred action and employment authorization, which are often connected to claims of severe financial loss and humanitarian concerns, are common in these cases. Expedited processing requests which are fundamentally based on these prevalent concerns are often not accommodated."*
>
> *"Your constituent's request for expedited processing will not be accommodated. Please note that details pertaining to this discretionary determination are not available."*

> *"We cannot predict the date on which the final stage of processing for a specific Form I-821D and Form I-765 will be completed by an officer. It is important to note that the estimated processing timeframe for cases of this type has extended beyond 6 months."*

34. As of August 18, 2026, 134 days have elapsed since Plaintiff filed his renewal applications, and USCIS has provided no adjudication, no timeline, and no meaningful path to resolution.

**D. Harm to Plaintiff**

35. Plaintiff's employment authorization is his sole legal basis for working in the United States. Plaintiff's current DACA period and Employment Authorization Document expire on August 20, 2026. As of the filing of this Complaint, Plaintiff faces the loss of his employment authorization in two days. Any lapse in his Employment Authorization Document will result in the immediate termination of his employment at Ropes & Gray LLP, as his employer is legally prohibited from continuing to employ him without valid work authorization.

36. Plaintiff is the sole provider of his own financial support. He has no spouse, partner, or family member in the United States who can absorb his living costs in the event of job loss.

37. Loss of employment will cause Plaintiff to suffer: (a) inability to pay rent and the risk of eviction and homelessness; (b) loss of utilities; (c) loss of employer-sponsored health insurance; (d) loss of transportation; (e) damage to credit; and (f) collection actions on outstanding financial obligations.

38. Plaintiff's employer has confirmed in writing that any interruption in Plaintiff's work authorization would "likely result in him becoming unhoused." The employer further noted that Plaintiff's institutional knowledge cannot be readily replaced and that his absence would place a significant burden on the remaining team members.

39. Plaintiff continues to suffer emotional distress, anxiety, and uncertainty regarding his immigration status, his ability to remain employed, and his ability to maintain his housing and basic necessities.

## CAUSES OF ACTION

### COUNT I

### Unreasonable Delay — Administrative Procedure Act, 5 U.S.C. § 706(1)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The Administrative Procedure Act requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

42. Under 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

43. Defendants have a non-discretionary duty to adjudicate Plaintiff's properly filed Form I-821D and Form I-765 applications within a reasonable time.

44. Under the factors set forth in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984), the delay in adjudicating Plaintiff's applications is unreasonable:

(a) The "rule of reason" governs the time frame for agency action. USCIS's own processing time estimates establish a benchmark against which reasonableness is measured. Plaintiff's applications have now exceeded those published timelines, and USCIS has acknowledged that processing times have "extended beyond 6 months" without justification. Plaintiff's DACA and EAD expire on August 20, 2026, making the delay not merely unreasonable but critically urgent.

(b) Although Congress has not imposed an explicit statutory deadline for DACA adjudications, USCIS's own published processing time guidelines serve as a benchmark. The applications are outside those published timeframes.

(c) Adjudicating Plaintiff's individual DACA renewal application does not require a broad policy rewrite or reallocation of agency resources. It requires the review and decision on a single, complete application by a single officer.

(d) The delay directly threatens Plaintiff's health and welfare, including the imminent risk of homelessness, loss of healthcare coverage, and inability to meet basic living needs.

(e) The nature and extent of the interests prejudiced by the delay are substantial: Plaintiff's livelihood, housing, immigration status, and physical and mental well-being are all at stake.

(f) Plaintiff need not show that Defendants acted in bad faith or with impropriety. The unreasonableness of the delay alone establishes a violation of the APA.

45. Defendants' failure to adjudicate Plaintiff's applications within a reasonable time constitutes agency action "unlawfully withheld or unreasonably delayed" in violation of 5 U.S.C. § 706(1).

## COUNT II

### Mandamus — 28 U.S.C. § 1361

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Under 28 U.S.C. § 1361, district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

48. Mandamus relief is appropriate where: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) the plaintiff has no other adequate remedy. All three elements are satisfied here.

49. Plaintiff has a clear right to have his properly filed DACA renewal and employment authorization applications adjudicated within a reasonable time, as guaranteed by 5 U.S.C. § 555(b).

50. Defendants have a clear, non-discretionary duty to process and adjudicate immigration applications that have been properly filed. While the ultimate decision on whether to grant DACA may involve discretion, the *act of adjudicating* the application—rendering a decision one way or another—is a non-discretionary ministerial function.

51. Plaintiff has no other adequate remedy at law. He has exhausted all available administrative channels, including congressional inquiries, expedite requests, outside-processing-time inquiries, ombudsman requests, direct contact with USCIS, and a formal pre-suit demand

letter. USCIS has refused to act and has affirmatively stated it cannot predict when adjudication will occur.

52. Accordingly, Plaintiff is entitled to a writ of mandamus compelling Defendants to adjudicate his pending Form I-821D and Form I-765 applications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendants have unreasonably delayed the adjudication of Plaintiff's Form I-821D (Receipt Number IOE9076109506) and Form I-765 (Receipt Number IOE9076109507) in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1);

2. Issue a writ of mandamus or, in the alternative, an order compelling Defendants to fully adjudicate Plaintiff's Form I-821D and Form I-765 applications within thirty (30) days of the Court's order;

3. Award Plaintiff his costs of suit incurred in this action pursuant to 28 U.S.C. § 2412; and

4. Grant such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Alexis Adonis Fernandez Medrano, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 8/18, 2026

Respectfully submitted,

**ALEXIS ADONIS FERNANDEZ MEDRANO**
*Plaintiff, Pro Se*
100 I Street SE, Apartment 1204
Washington, DC 20003
Telephone: (571) 337-9883
Email: alex.fernandez10003@gmail.com